**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

BRETT L. KELLEY,                    :        Case No. 3:11-cv-400

       Plaintiff,                  :        District Judge Walter H. Rice
                                              Magistrate Judge Michael J. Newman

 vs.                                 :

COMMISSIONER OF                     :
SOCIAL SECURITY,
                                    :
       Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S
NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL
EVIDENCE, AND AFFIRMED; AND (2) THE CASE BE CLOSED**

---

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g)
and §1383(c).  At issue is whether the Administrative Law Judge ("ALJ") erred in finding
Plaintiff Brett Kelley not "disabled" and therefore unentitled to Disability Insurance Benefits
("DIB") and/or Supplemental Security Income ("SSI").

This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the
Commissioner's Memorandum in Opposition (doc. 11), the administrative record (doc. 7), and
the record as a whole.

## I.    BACKGROUND

### A.  Procedural History

Plaintiff filed his applications for DIB and SSI in November 2008, asserting that he has
been under a disability since November 28, 2007, his alleged disability onset date.  PageID

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and
Recommendation.

204-14.  Plaintiff claims he is disabled due to emphysema, sleep apnea, Chronic Obstructive Pulmonary Disease ("COPD"), diabetes, a cyst on his lungs, lung reduction surgery and shortness of breath.   PageID 255.

Following initial administrative denial of his applications, Plaintiff received a hearing before ALJ Peter Silvain on June 29, 2011.  PageID 72-113.  Thereafter, ALJ Silvain issued a written decision, concluding that Plaintiff was not disabled.  PageID 49-65.

Specifically, the ALJ's "Findings," which represent the rationale of his decision, were as follows:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2012;

2.  The claimant has not engaged in substantial gainful activity since November 28, 2007, the alleged onset date (20 CFR §§ 404.1571 *et seq.*, and 416.971 *et seq.*);

3.  The claimant has the following severe impairments: chronic obstructive pulmonary disease, diabetes mellitus, obstructive sleep apnea, obesity, adjustment disorder with depression and anxiety (20 CFR §§ 404.1520(c) and 416.920(c));

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5.  The claimant has the residual functional capacity to perform light work as defined at 20 CFR § 404.1567(b) and § 416.967(b) subject to the following additional limitations: no climbing ladders, ropes, or scaffolding; only occasional climbing of ramps or stairs; no exposure to extreme heat or cold, wetness, humidity or environmental pollutants (fumes, odors, dust, gases, poorly ventilated areas); low-stress duties involving no fixed production quotas, only occasional decision making, and only occasional changes in work setting; only occasional interaction

-2-

with the general public; only occasional interaction with co-workers; only occasional "over-the-shoulder" supervision;[2]

6.  The claimant is unable to perform any past relevant work (20 CFR §§ 404.1565 and 416.965);

7.  The claimant was born on July 29, 1967. At age 44 he is classified as a "younger individual" for Social Security purposes (20 CFR §§ 404.1563 and 416.963);

8.  The claimant has an 8th-grade or "limited" education as defined for Social Security purposes (20 CFR §§ 404.1564 and 416.964);

9.  The claimant does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR 404.1568 and 416.968);

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)); and

11. The claimant was not disabled, as defined in the Social Security Act, from November 28, 2007, through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

*Id.* at PageID 52-65.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 42-45; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff filed this timely appeal on November 10, 2011.  Doc. 1.

---

[2]The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on physical exertion requirements. 20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it

### B.      Plaintiff's Hearing Testimony

At the administrative hearing, Plaintiff testified that he is 6'1" tall and weighs 268 pounds.   PageID 78.   He lives with his wife and two children, ages 18 and 21.   PageID 81.   He has a driver's license and drives his wife to work every morning, which involves a 20-minute round trip.   *Id.*

Plaintiff testified that he is unable to work primarily due to breathing problems.[3] PageID 85-86.   His breathing abilities are impeded by hot, cold, and humid conditions, as well as pollen and perfumes.     PageID 85.   Plaintiff testified that his treating physicians were in the process of running tests to determine if a lung transplant is feasible.   PageID 86.

Plaintiff also testified that he suffers from depression.   PageID 87-88.   He testified that he used to be active, and previously enjoyed going fishing or watching his children's sporting events.   PageID 87.   He takes Zoloft for his depression, and sees a counselor every two months. PageID 88.

Plaintiff estimated that he could sit approximately 1.5 hours, stand 30-40 minutes, and occasionally walk one block. PageID 88-89.   He has an inhaler, which he needs only occasionally.   PageID 89.   He admitted to the ALJ that he could lift a gallon of milk.   PageID 90.   He regularly uses a CPAP (continuous positive airway pressure) machine and oxygen at night, but not during the day.   PageID 100.

---

involves sitting most of the time with some pushing and pulling of arm or leg controls."   *Id.*
    [3]Plaintiff's medical records indicate he smoked one pack of cigarettes daily for 21 years, *see* PageID 662, but quit around the time of his alleged disability onset date.   PageID 546.

-4-

On a typical day, he gets up from bed around 4:30 a.m. to take his wife to work. PageID 90. He is able to fix breakfast and lunch for himself. *Id*. During the day, he sits and watches television. PageID 90-91.

Regarding his functional abilities, he accompanies his wife to the grocery store, loads the dishwasher daily, and weekly carries the laundry into and out of the basement of his apartment building. PageID 91-92. He is able to vacuum one room in the apartment per day. PageID 92.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on appeal is to determine: (1) whether the ALJ's non-disability finding is supported by substantial evidence; and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found a claimant disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the

-5-

record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

> **B.**    **"Disability" Defined**

To be eligible for DIB and/or SSI benefits, a claimant must be under a "disability" as defined by the Social Security Act.   42 U.S.C. § 423(d)(1)(A).   Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from: (1) performing his or her past job; and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.   *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4).   Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?

2.     Does the claimant suffer from one or more severe impairments?

3.     Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4.     Considering the claimant's residual functional capacity ("RFC"), can he or she perform his or her past relevant work?

5.     Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the

national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).   A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition.  *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.  OPINION **AND ANALYSIS**

Plaintiff's medical history has been adequately summarized in Plaintiff's Statement of Errors and the ALJ's decision, *see* doc. 10 at PageID 685-92; PageID 51-63, and the Court will not fully repeat it here.   Where applicable, the Court will identify the medical evidence relevant to its decision.

On appeal, Plaintiff claims the ALJ erred by failing to properly weigh reports by Plaintiff's two treating physicians, Latha Venkatesh, M.D. and Pamela Daufel, M.D.   Doc. 10 at PageID 685-96.

In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards. In general, the opinions of treating physicians are entitled to controlling weight.  *Cruse v. Comm'r of Soc. Sec.*, 502 F. 3d 532, 540 (6th Cir. 2007).   Under the "treating physician rule," the ALJ is required to "generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because: 'these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. §

-7-

404.1527(d)(2)).

Nevertheless, a treating physician's statement -- that a claimant is disabled -- is not determinative of the ultimate issue of disability. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). A treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, and is not inconsistent with the other evidence of record. *Id.*; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Accordingly, an ALJ may properly reject a treating physician's opinion that does not meet these standards. *See* 20 C.F.R. § 404.1527(d)(2).

Dr. Venkatesh, an internist, began treating Plaintiff in October 2007 for his breathing difficulties. PageID 543. In June 2009, Dr. Venkatesh reported diagnoses of COPD, obstructive sleep apnea, chronic lung disease, and diabetes, but noted Plaintiff had a "good response" to a number of medications prescribed for those impairments. PageID 543-44. She opined that Plaintiff was "currently not employable," but provided no explanation of, nor medical support for, her opinion. *See* PageID 544.

Dr. Daufel also began treating Plaintiff in October 2007. PageID 661. Thereafter, following an April 2011 examination, she opined that Plaintiff was "unemployable." PageID 670. Nevertheless, Dr. Daufel acknowledged at that time that Plaintiff could work 3-4 hours per day, stand or walk 15-20 minutes per day, stand for 5 minutes without interruption, and sit for an entire workday without issue. *Id.* In support of her opinion, Dr. Daufel noted, without additional explanation, that Plaintiff "has limited lung capacity. He is on home oxygen. He also has back pain." *Id.*

In his decision, the ALJ found "the conclusion of Dr. Venkatesh and Dr. Daufel that the

claimant is rendered 'unemployable' cannot be given controlling, or even deferential, weight. Such conclusion is neither well supported by medical acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record." PageID 61. He also found that the "overly pessimistic assessment of the claimant's walking, standing, and lifting capabilities provided by Dr. Daufel is not consistent with the weight of the evidence, rather unimpressive results of most clinical tests, and the claimant's own statements concerning his capabilities." *Id*.

The ALJ's analysis is well supported by Social Security regulations and the medical evidence of record. A treating source's opinion as to a claimant's employability is a legal conclusion, and not a "medical source opinion," as defined by Social Security regulations, which the ALJ must accept. *See* 20 C.F.R. §§ 404.1527(c)–(d). Social Security regulations mandate that the question -- of whether or not a claimant is able to work -- is an administrative issue reserved solely to the province of the Commissioner. *Id*.; *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). The treating physician opinions here -- that Plaintiff is unable to work -- were thus unentitled to controlling or deferential weight. *See* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will find that you are disabled"); Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *2 ("Whether an individual is 'disabled' under the Act. The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner").

Furthermore, the ALJ's decision is well-explained in his extensive discussion of the contrary medical evidence of record. For instance, the ALJ cited the opinion of Judith Brown, M.D., who examined Plaintiff in March 2009. PageID 515-29. Dr. Brown concluded that Plaintiff's ability to perform work-related activities -- such as bending, stooping, lifting, walking, crawling, squatting, carrying, and pushing or pulling heavy objects -- was "at least mildly impaired by the findings noted." PageID 518. A "mild" or even "moderate" functional limitation is not suggestive of a disability. *See Sims v. Comm'r of Soc. Sec.*, 406 F.App'x 977, 980 (6th Cir. 2011) (noting that "moderate" functional limitations are "non-disabling").

In April 2009, Linda Hall, M.D., after careful review of the medical evidence of record, opined that Plaintiff retained the RFC for a limited range of light work, so long as he refrained from work with ladders, used stairs only occasionally, and avoided dust exposure. PageID 532. The same month, Willa Caldwell, M.D. completed a physical RFC assessment form, and also found Plaintiff capable of performing a limited range of light work. PageID 533-40. Dr. Caldwell opined that Plaintiff should not work with ladders/ropes/scaffolds, only occasionally climb ramps and stairs, and avoid moderate exposure to fumes, odors, dusts, gases, and poor ventilation. PageID 537.

In September 2009, another state agency doctor, James Gahman, M.D., reviewed Plaintiff's records and affirmed Dr. Caldwell's finding -- that Plaintiff has the RFC for a limited range of light work. PageID 621. Dr. Gahman also noted that Plaintiff's October 2008 and March 2009 pulmonary function studies did not demonstrate obstructive lung disease, and Plaintiff's shortness of breath upon exertion was probably due to his obesity and deconditioning.

-10-

*Id.*  Dr. Gahman also commented that the medical evidence did not demonstrate that Plaintiff needed daytime oxygen.  *Id.*

In addition, the ALJ considered the opinion of William Houser, M.D., a pulmonary disease specialist, who testified at the administrative hearing as a Medical Expert.  PageID 103-11.  Dr. Houser opined that Plaintiff's impairments, singly or in combination, did not meet a Listing, and agreed with the aforementioned physicians' opinions that Plaintiff could perform "light work with the exclusion of no more than occasional contact with concentrated exposure to dust, smoke, and fumes" and no more than occasional exposure to humidity, temperature extremes, or similar environmental factors.  PageID 108.  Dr. Houser further testified that he found no evidence indicating Plaintiff's need for oxygen during work hours.  PageID 109-11.

To the extent Plaintiff argues that the ALJ erred because evidence exists in the record which supports a finding of disability, the Court finds such an argument unavailing.  *See Buxton*, 246 F.3d at 772.  It is the Commissioner's function to resolve conflicts in the medical evidence, *see Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987), and that is exactly what the ALJ did here.  Given the contrary medical evidence of record, the ALJ acted well within the permissible "zone of choice" in his rejection of the shared opinion of Drs. Venkatesh and Daufel.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  In addition, the ALJ complied with the Social Security regulations by providing "good reasons" for discounting the opinions of Drs. Venkatesh and Daufel.  *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004).

It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled.    The ALJ, not the Court, is the finder of fact.  *Siterlet v. Sec'y*

-11-

*of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).   So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed.   42 U.S.C. §405(g); Richardson, 402 U.S. at 401.   Where there is substantial evidence supporting the ALJ's resolution of the disputed facts, the Court must affirm the ALJ even if the Court would likely have resolved the disputed facts in Plaintiff's favor had it been the trier of fact.   *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987).

Were this Court to have been the initial finder of fact, hearing this case on a *de novo* basis, the result reached herein might well have been different.   However, the task of this Court is not to determine whether the record contains substantial evidence of disability. Rather, the Court's task is limited to determining whether the Commissioner's decision of non-disability is supported by substantial evidence.   In this matter, the record is so supported.   *Mullen*, 800 F.2d at 548.

## IV. RECOMMENDATION

Based upon the foregoing, the Court finds Plaintiff's assignment of error to be without merit.   The ALJ's decision is supported by substantial evidence and should be affirmed.

### IT IS THEREFORE RECOMMENDED THAT:

1.      The ALJ's non-disability finding be found supported by substantial evidence, and **AFFIRMED;** and

2.      This case be **CLOSED**.

December 11, 2012                                                    **s/Michael J. Newman**
                                                                          United States Magistrate Judge

-12-

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).